**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**BRITNEE MILLER,**

    **Petitioner,**

**v.**                                           **Case No. 3:23cv413-LC/MAF**

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

    **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

On January 3, 2023, Petitioner Britnee Miller, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 15, 2023, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 10. Petitioner has not filed a reply, although she was given an opportunity to do so. *See* ECF No. 8.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Britnee Miller challenges her conviction and sentence from the First Judicial Circuit, Escambia County, Florida, following her no contest plea in case number 2010-CF-1608, to charges in connection with the death of Audreanna Redawn Zimmerman on or about March 24, 2010: (1) first degree murder, a capital felony in violation of section 782.04, Florida Statutes, and (2) kidnapping, a first degree felony in violation of section 787.01(1)(a), Florida Statutes. ECF No. 1 at 1-2; Exs. A (Indictment), B (Judgment and Sentence).[1] Miller appealed her conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D13-2360. Exs. C, F. During the pendency of the appeal, Miller's counsel filed unopposed motions to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging entitlement to resentencing on Count 2, Ex. D, and on Count 1, Ex. E. The trial court granted the motions by orders on April 8, 2015, Ex. D, and April 17, 2015, Ex. E, respectively,

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motions to dismiss, ECF No.10.

directing that a resentencing hearing take place. Miller's counsel then filed a Notice of Voluntary Dismissal of the direct appeal, explaining that the trial court had vacated the original sentences and Miller would appeal, if necessary, the new judgment to be imposed after the resentencing hearing. Ex. F. The First DCA dismissed the appeal by order on January 21, 2016, pursuant to Florida Rule of Appellate Procedure 9.350(b). *Id*.

On November 16, 2017, the trial court rendered an Amended Order of Judgment and Sentence, Ex. G, following the resentencing hearing held on November 6, 2017. The court resentenced Miller, on Count 1, to life in prison without the possibility of parole and, on Count 2, to a concurrent term of fifty (50) years in prison, with the provision that she be entitled to review of her sentence, on Count 1, after fifteen (15) years and, on Count 2, after twenty (20) years. Ex. G.

Miller appealed to the First DCA, assigned case number 1D17-4826. Ex. H. On April 2, 2019, a panel of the First DCA, consisting of Judges Lewis, Wetherell, and Winokur, per curiam affirmed the case without a written opinion. *Id*.; Miller v. State, 267 So. 3d 1002 (Fla. 1st DCA 2019) (table). No motions for rehearing were filed. *See* online docket at Florida Appellate Case Information System, https://acis.flcourts.gov/portal. The mandate

issued April 30, 2019. *Id*.; Ex. H. Miller evidently did not seek further review in the U.S. Supreme Court.

On April 2, 2020, Miller filed in the state trial court a "Motion for Extension of Time to File Post Conviction 3.850." Ex. I at 16-19. She explained that on March 24, 2020, the library at her correctional facility "was effectively shut down due to the Coronavirus pandemic." *Id*. at 16. She requested an extension of 120 days in which to file her Rule 3.850 motion. *Id*. at 16-17.

By order on May 4, 2020, the state trial court denied Miller's motion for an extension of time. *Id*. at 20-21. The court explained its ruling:

> Florida Rule of Criminal Procedure 3.850 provides that a motion must be filed no more than two years after the judgment and sentence become final, with certain exceptions not applicable here. *See* Fla. R. Crim. P. 3.850(b). The judgment and sentence become final when "direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court." Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987).
>
> By the orders of April 9 and 17, 2015, Defendant was granted resentencing pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) pending direct appeal of her judgment and sentence. On January 21, 2016, her appeal was voluntarily dismissed under Florida Rule of Appellate Procedure 9.350(b). Defendant was resentenced November 6, 2017. The mandate on Defendant's subsequent appeal issued on April 30, 2020.
>
> To the extent the two year period began to run upon issuance of the April 30, 2020, mandate, Defendant's motion fails to show good cause for a 120 day extension at this time. To the

> extent any postconviction claims should have been raised within two years of the voluntary dismissal of appeal in 2016, Defendant's motion fails to show good cause and excusable neglect for an extension of the two year time period. *See* Fla. R. Crim. P. 3.050.

*Id*.

On June 25, 2020, Miller filed a pro se Rule 3.850 motion in the state trial court. Ex. I at 22-35. By order on October 15, 2020, the court struck the motion, finding "it is insufficiently pled," and allowed Miller sixty (60) days to file an amended motion. *Id*. at 36-37. Miller subsequently filed an amended Rule 3.850 motion, *id*. at 38-52, properly signed, *id*. at 58-72, raising one claim of ineffective assistance of counsel and one claim of disproportionate sentencing. By order rendered January 6, 2022, the state post-conviction trial court summarily denied relief. Ex. I at 73-78 (exclusive of attachments).

Miller appealed to the First DCA, assigned case number 1D22-0234, and no briefs were filed. Ex. I at 112-13; *see* online docket at Florida Appellate Case Information System, https://acis.flcourts.gov/portal. On September 29, 2022, the court affirmed the case without a written opinion. Ex. J. Miller sought rehearing, which the court denied by order on December 1, 2022. Ex. K. The mandate issued December 19, 2022. Ex. J.

As indicated above, on January 3, 2023, Miller filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1.

Respondent has filed a motion to dismiss the petition, with exhibits. ECF No. 10. Petitioner Miller has not filed a reply, although she was given an opportunity to do so. *See* ECF No. 8.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, following her resentencing, Miller appealed her conviction and sentence, and on April 2, 2019, the First DCA per curiam affirmed the case without a written opinion. Ex. H. She evidently did not seek further review in the U.S. Supreme Court. Accordingly, her conviction became final for federal habeas purposes on July 1, 2019, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). She had one year thereafter, or until July 1, 2020, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

As indicated above, on April 2, 2020, Miller filed a "Motion for Extension of Time to File Post Conviction 3.850" in the state trial court, requesting an additional 120 days to file her Rule 3.850 motion, Ex. I at 16-19, and by order on May 4, 2020, the state trial court denied Miller's motion for an extension of time, *id*. at 20-21. This motion did not qualify as a tolling motion under § 2244(d)(2). *See* Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (explaining that request for extension of time to file state postconviction motion, which was granted, did not toll AEDPA limitations period as it "did not meet the criteria of section 2244(d)(2) as a 'properly filed application' for postconviction relief"); Perry v. Sec'y, Dep't of Corr., No. 6:14cv262-Orl-31TBS, 2016 WL 345526, at *2 (M.D. Fla. Jan. 28, 2016) (order dismissing § 2254 petition as untimely, citing Howell and explaining that motion for extension of time to file Rule 3.850 motion, which was granted, did not toll AEDPA one-year limitations period).

Miller filed her Rule 3.850 motion on June 25, 2020, and this stopped the AEDPA clock at 359 days. The time remained tolled until December 19, 2022, when the First DCA issued the mandate in her appeal from the denial of post-conviction relief. The AEDPA clock resumed running on December 20, 2022, and ran for another 6 days until it expired on December 26, 2022. Because that day was a federal holiday, Miller had until the following day,

Tuesday, December 27, 2022, to file her § 2254 petition. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that, in computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or a legal holiday"). Thus, by the time Miller filed her § 2254 petition on January 3, 2023, her one-year AEDPA time limitations period had expired. Accordingly, her petition is untimely.

As Respondent indicates, Miller erroneously calculated the date her conviction became final for federal habeas purposes. ECF No. 10 at 7. Specifically, as the starting point for her calculation in the timeliness section of her petition, Miller states the mandate for her direct appeal issued April 30, 2019. ECF No. 1 at 13. Although that is the date of the mandate, the key date for purposes of federal habeas time calculations is that of the appellate court's affirmance of her direct appeal, April 2, 2019, not the date of the mandate. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1, 13.3; Nix, 393 F.3d at 1236-37; Kaufman, 282 F.3d at 1338.

As Respondent also indicates, Miller has made no claim of entitlement to equitable tolling in her § 2254 petition. ECF No. 10 at 7; *see* ECF No. 1 at 13-14. Nor has she filed a reply to Respondent's motion to dismiss, although she was given the opportunity to do so. *See* ECF No. 8.

"[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" <u>Cadet v. Fla. Dep't of Corr.</u>, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace</u>, 544 U.S. at 418). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1099 (11th Cir. 2012).

As Respondent indicates, ECF No. 10 at 7, it does not appear that Petitioner Miller could meet her burden of showing that she diligently pursued her rights or that some extraordinary circumstance kept her from timely filing his § 2254 petition. *See* <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining petitioner must "establish his own due diligence in ascertaining the applicable limitations period"); <u>Perez v. Florida</u>, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."). Any vague or conclusory allegations

regarding the inability to file her § 2254 petition within the one-year AEDPA limitations period would not demonstrate extraordinary circumstances.  *See, e.g.,* Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely fling of the petition, does not establish extraordinary circumstances."); Chavez v. Sec'y, Fla. Dept. of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Helton, 259 F.3d at 1313-14 (rejecting petitioner's equitable tolling argument that he "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held").  Further, "neither lack of access to a . . . law library, nor periods of time in which a prisoner is separated from his legal documents constitute extraordinary circumstances."   Castillo v. United States, No. 16-17028-E, 2017 WL 5591797 at *3 (11th Cir. May 4, 2017); *see* Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (recognizing that opinion in Akins v. United States, 204 F.3d 1086 (11th Cir. 2000), "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate"); *see also*, e.g., Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (finding

that close-management status and restricted access to law library did not warrant equitable tolling); Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding transfers and limited access to legal papers do not constitute extraordinary circumstances); Walker v. Graham, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013) ("[R]eliance on a jailhouse lawyer . . . does not qualify as an extraordinary circumstance warranting equitable tolling.").

To the extent Miller may argue that the Covid-19 pandemic constituted extraordinary circumstances, the Eleventh Circuit has concluded, in an unpublished opinion, that COVID-19 did not constitute an "extraordinary circumstance" because all prisoners "attempting to access legal resources . . . were subject to COVID-19 protocols." Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021); see Gainey v. Sec'y, Dep't of Corr., No. 22-10650-A, 2022 WL 1786543 (11th Cir. May 20, 2022) (denying COA to appeal dismissal of § 2254 petition as time-barred and explaining, among other things, "Although Mr. Gainey asserted that the delay in filing was due to restricted access to the law library because of the COVID-19 pandemic, he failed to show how restricted access impacted his filing, which copied his prior state court filings."); Whitaker v. Comm'r, Ga. Dep't of Corr., No. 21-14467-A, 2022 WL 2156663 (11th Cir. May 3, 2022) (denying COA to appeal dismissal of § 2254 petition as time-

barred:  ""[W]hile Whitaker made a conclusory assertion that he pursued his rights diligently, he did not explain why he waited over 11 months to file his state habeas corpus petition, which constituted most of the statute of limitations period.  While the Covid-19 pandemic may have impacted his access to legal materials in the remaining 21 days, his circumstances were not different than any other prisoner attempting to access legal resources.  Accordingly, he could not show due diligence or extraordinary circumstances warranting equitable tolling."); Powell v. United States, No. 21-12432-J, 2022 WL 2811987 (11th Cir. Feb. 8, 2022) (denying COA to appeal dismissal of § 2255 motion as time-barred:  "Under this Court's precedent, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.").

Indeed, district courts within the Eleventh Circuit have declined to apply equitable tolling "based on prison lockdowns due to COVID-19."  Phillips v. United States, No. 8:20cv1862-T-17AAS, 2021 WL 679259, at *6, n.7 (M.D. Fla. Feb. 22, 2021); see, e.g., Flagg v. Jones, No. 1:22cv265-WHA/SMD, 2022 WL 4371482, at *1 (M.D. Ala. Sept. 21, 2022) (order of district judge dismissing complaint:  "Plaintiff has made no such demonstration here, as one's pro se status and ignorance of the law are not extraordinary

circumstances that warrant equitable tolling. Nor is Plaintiff's conclusory claim that COVID-19 had an 'impact' on his filings." (citations omitted)); Moreno v. United States, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020) (rejecting equitable tolling argument and explaining: "Moreno does not allege when the prison's law library was initially closed, nor has he explained why he could not have filed his motion before Covid-19 restrictions were in place. In fact, Moreno states that the law library is 'still closed,' and he has filed this motion without access to it."), *report and recommendation adopted*, 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020).

Likewise, "courts in this District have uniformly rejected equitable tolling based on COVID-19 restrictions." Hamilton v. Inch, No. 3:20cv5967-LC/HTC, 2021 WL 4254941, at *3 (N.D. Fla. June 23, 2021); *see, e.g.*, Gainey v. Sec'y, Dep't of Corr., No. 3:21cv736-LC/MJF, 2022 WL 447579, at *4 (N.D. Fla. Jan. 27, 2022) ("Gainey's bare assertions of restrictions on access to the law library during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2022 WL 446806 (N.D. Fla. Feb. 14, 2022); Harris v. Inch, No. 3:20cv5890-MCR/MJF, 2021 WL 2384567, at *4 (N.D. Fla. Apr. 23, 2021) ("Harris does not show a causal connection between the lockdown and his ability to file his § 2254 petition by July 31,

2020."), *report and recommendation adopted*, 2021 WL 2383719 (N.D. Fla. June 10, 2021); Hanf v. Inch, No. 4:20cv330-TKW/EMT, 2021 WL 1251854, at *1 (N.D. Fla. Apr. 5, 2021) (order adopting report and recommendation and explaining, "With respect to equitable tolling, the Court finds no record support for Petitioner's claim in his objections that COVID-19 restrictions on access to the prison law library 'from [February 26, 2020] until and beyond March 31st' hampered his ability to timely file his petition."); Webster v. Sec'y, Fla. Dep't of Corr., No. 3:20cv5727-MCR/MJF, 2021 WL 1566848, at *4 (N.D. Fla. Mar. 29, 2021) ("Webster's bare assertions regarding restrictions on access to the law library and his legal property during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2021 WL 1564321 (N.D. Fla. Apr. 21, 2021).

## Conclusion

The § 2254 petition is untimely. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 10, be **GRANTED**, and Petitioner Miller's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 10) be **GRANTED** and the § 2254 petition (ECF No. 1)

be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2023.

> S/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.